IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JOHNATHAN CHARLSE LARGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-13-1030-F |
| FIRST NATIONAL BANK, Midwest City, Oklahoma; WILLIAM H. CROAK, Bank President; FEDERAL RESERVE BANK, Kansas City, Missouri, Complaints Examiner; and FEDERAL RESERVE CONSUMER HELP, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I. Procedural history.**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983 against the First National Bank, Midwest City, Oklahoma (FNB); William H. Croak, the bank president (Croak); the Federal Reserve Bank, Kansas City, Complaints Examiner (FRB Examiner); and Federal Reserve Consumer Help, maintaining each acted under the color of state law. Docs. 1, 2, 3.

United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. §636(b)(1)(B) and (C). Doc. 27. Consistent with that referral and after careful

review of Plaintiff's factual allegations – which are accepted as true – the undersigned recommends Plaintiff's claims be dismissed, in part, without prejudice for lack of subject-matter jurisdiction and, in part, with prejudice as frivolous.

## II. Plaintiff's allegations.

In his initial pleading, Doc. 1, Plaintiff claims individuals with access to his bank accounts took his money, and Defendant FNB told him he has no "money in th[at] bank" and "never did." *Id.* at 2.[1] He alleges Defendants FRB Examiner and Federal Reserve Consumer Help responded to his complaints, and he wants to include as defendants "[e]veryone we can prove that is . . . involved . . . ." *Id.* at 3. Plaintiff maintains his constitutional rights have been violated because he is "being denied . . . the option of [his] own property and/or currency [and] rights to property." *Id.* at 2. As relief, Plaintiff requests the return of all of his money "times 4"; "restraining orders keeping everyone out of [his] accounts"; and the transfer of his money and direct deposits to a "better bank." *Id.* at 6.

Included among the documents Plaintiff incorporates as part of his initial pleading is (1) a letter from the Oklahoma State Banking Department to

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

Defendant Croak as president of Defendant FNB. That letter enclosed a copy of a complaint Plaintiff filed against Defendant FNB. The letter also requested a written response to the complaint and notified Defendant Croak that the complaint was also being referred to the Federal Reserve through Defendant Federal Reserve Consumer Help. *Id.* at 7. Plaintiff also includes (2) Defendant FNB's response to Plaintiff, reporting he had no current accounts with the bank and had not for the previous six years. *Id.* at 9. Additionally, Plaintiff includes (3) Defendant FRB Examiner's response to Plaintiff's complaint,[2] repeating Defendant FNB's findings. *Id.* at 11.

In addition to his initial pleading, Plaintiff has filed several other pleadings – some contemporaneously and others shortly thereafter – and some can be liberally construed as making additional claims. Specifically, Plaintiff filed a petition at the same time he filed his initial pleading. Doc. 5. There, he named only Defendants Croak and FNB – Defendant Croak allegedly acting under color of state law and Defendant FNB under color of both state and federal law, *id.* at 1 – and explained that it was "some females from Russia" who had illegally accessed his bank accounts. *Id.* at 2. Plaintiff accuses Defendants

---

[2] Plaintiff complained, first, that Defendant FNB allowed unauthorized withdrawals from his accounts containing funds from government benefit programs and, second, that the Federal Bureau of Investigation National Crime Information Center had collected and used information about Plaintiff and his accounts. Doc. 1, at 11.

Croak and FNB of "obviously allowing the theft" and claims he was denied his constitutional right "to [his] own property and money." *Id.*

The following day, Plaintiff – using this case name and number – filed a civil cover sheet[3] together with a 28 U.S.C. § 1331 form complaint naming, as the sole defendant, "First National Bank employee's and ownership." Doc. 29, Attach. 1, at 1.[4] Plaintiff checked the box on the form complaint indicating this Defendant was "acting in his official capacity as an employee of the United States" and, when called on by the form to explain this allegation, referenced "President of a Bank, William Croak" and stated his action "should also be against Bank ownership and/or persons directly over accounts . . . ." *Id.* Following his request for relief, Plaintiff stated, "Basically - I am simply filing this to add a federal question . . . ." *Id.* at 6. Plaintiff attached many of the same documents that are part of his initial pleading and added a new one: a letter, *id.* at 21, from Federal Reserve Consumer Help – a nominal defendant in the initial pleading – notifying Plaintiff that Federal Reserve Consumer Help

---

[3] There, Plaintiff notes a § 1983 action was filed in the Eastern District of Oklahoma. Doc. 29, at 1. In subsequent filings, Plaintiff refers to the transfer of a § 1983 case from the Eastern District of Oklahoma, Case No. CIV-13-409-RAW-SPS. Doc. 37, at 1. This Court's records reflect no such transfer has occurred.

[4] Citations reflect this Court's CMECF designation of this complaint as an attachment to the civil cover sheet.

had received his complaint but was sending it on to the Kansas City Reserve Bank's Consumer Complaints Department (Defendant FRB Examiner) who would, and did, *id.* at 20, respond directly to Plaintiff.

## III. Screening.

### A. Jurisdiction.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative . . . at any stage in the litigation . . . .").

### B. Frivolousness.

In addition to verifying its jurisdiction, because Plaintiff is appearing in forma pauperis, the court has a duty under 28 U.S.C. § 1915(e)(2)(B)(i) to screen Plaintiff's pleading for frivolousness.[5] A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

---

[5] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Liberal construction.

In making these determinations, the court liberally construes a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall,* 935 F.2d at 1110. Nonetheless, the court should not "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

## IV. Analysis.

### A. State action.

"Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982) (quoting § 1983). In order for an act to be under the color of state law, "[f]irst, the deprivation of [a federal right] must be caused by the exercise of some right or privilege created by the State . . . ." *Id.* at 937. "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state." *Id.*

Absent this limitation, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id*. In addition, § 1983 is "applicable only to actions by state and local entities, not by the federal government." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

Here, Plaintiff contends after certain individuals accessed his bank accounts without authorization and took his money – something the bank allegedly allowed – he was told he has no such bank accounts and never did. Doc. 1, at 1; Doc. 5, at 2. He seeks relief under § 1983 from four defendants: a bank and the bank's president, both engaged in purely private conduct – the business of banking; a Federal Reserve Bank's complaints examiner;[6] and Federal Reserve Consumer Help. Doc. 1, at 1, 2, 3. Even assuming a constitutional violation, Plaintiff has not pleaded facts suggesting that any of these Defendants – whether private or federal actors – acted under color of state law. "This element is a 'jurisdictional requisite for a § 1983 action.'" *Lay v. Otto*,

---

[6] The Tenth Circuit has not determined whether a Federal Reserve Bank and its employees are government actors under § 1983. *See Baumann v. Fed. Reserve Bank of Kansas City*, No. 12-cv-01310-CMA-MEH, 2013 WL 4757264, at *1 n.1 (D. Colo. Sept. 13, 2013) (unpublished order). As noted in *Baumann*, other courts, however, have held the banks and employees are not government actors in cases analogous to § 1983. *Id*. (collecting cases); *see Lewis v. United States*, 680 F.2d 1239, 1241 (9th Cir. 1982) ("[T]he Reserve Banks are not federal instrumentalities for purposes of the [Federal Tort Claims Act], but are independent, privately owned and locally controlled corporations.").

No. 13-6056, 2013 WL 3929040, at *2 (10th Cir. Jul. 31, 2013) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981)).

Accordingly, in the absence of *any* suggestion of state involvement and the resulting absence of subject-matter jurisdiction, dismissal without prejudice of Plaintiff's § 1983 claims is warranted.

B.     **Federal action.**

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the "Supreme Court held that individuals who suffer violations of the United States Constitution by agents of the federal government may sue for damages in federal court." *Dry*, 235 F.3d at 1253. Those damages must "aris[e] out of the official's violation of the United States Constitution *under color of federal law or authority.*" *Id.* at 1255.

Examined under *Bivens*, Plaintiff's allegations are patently frivolous. His claim that Defendant Croak, a president of a Midwest City, Oklahoma bank, "was . . . acting in his official capacity as an employee of the United States," Doc. 29, Attach. 1, at 1, is both fanciful and lacks an arguable legal basis. *Hall*, 935 F.2d at 1108. And, Plaintiff's claims against the two possible federal defendants – that Defendant FRB Examiner sent a report in response to a complaint Plaintiff instigated and Defendant Federal Reserve Help forwarded that complaint to Defendant FRB Examiner – do not implicate the constitution. That

8

either Defendant was involved in denying Plaintiff a right secured by the constitution or otherwise is implausible.

Accordingly, the undersigned recommends dismissal with prejudice of Plaintiff's remaining claims on the grounds of frivolousness.

## V. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the dismissal of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 for lack of subject-matter jurisdiction and recommends the dismissal of all remaining claims on grounds of frivolousness.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of November, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of October, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE